Document Number 0391
Case Number 05-CR-0052-S
United States District Court
Western District of Wisconsin
Theresa M. Owens
Filed/Received
10/16/2007 02:34:27 PM CDT

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

RICHARD C. WURZINGER,

        Petitioner,

    v.

UNITED STATES OF AMERICA,

        Respondent.
_____

ORDER
07-C-466-S
05-CR-52-S-01

    Petitioner Richard C. Wurzinger moves to vacate his sentence pursuant to 28 U.S.C. § 2255. This motion is fully briefed and is ready for decision.

    Petitioner asks the Court to hold an evidentiary hearing. This motion will be denied as a hearing is not necessary under 28 U.S.C. § 2255. See United States v. Kovic, 840 F.2d 680, 682 (7th cir. 1987).

    Petitioner also moves for appointment of counsel. Pursuant to 18 U.S.C. §3006A (a)(2)(B), an attorney may be appointed for any financially eligible person seeking relief under 28 U.S.C. § 2255 when the Court determines that the interest of justice so requires. Based on the petitioner's ability to represent himself the Court finds that the interest of justice does not require appointment of counsel.

FACTS

On March 30, 2005 a federal grand jury in the Western District of Wisconsin returned a four-count indictment against Richard C. Wurzinger charging him in Count 1 with knowingly and intentionally conspiring to manufacture 50 grams or more of methamphetamine; in Count 2 with knowingly and intentionally possessing with intent to distribute a mixture or substance containing methamphetamine; in Count 3 with knowingly and intentionally possessing equipment, chemicals, products and materials which could be used to manufacture methamphetamine and in Count 4 with being a felon in possession of a firearm.

On July 13, 2005 petitioner pled guilty to Count 1 of the indictment pursuant to a written agreement. The plea agreement signed by petitioner included the following paragraph:

> If the defendant provides substantial assistance before sentencing, the United States agrees to move the Court pursuant to 18 U.S.C. §2553(e) to impose a sentence reflecting that assistance. If the defendant provides substantial assistance after sentencing, the United States agrees to move the Court pursuant to Federal Rules of Criminal Procedure 35 and 18 U.S.C. §3553(e) to reduce the defendant's sentence to reflect that assistance. The decision whether to make such a request based upon substantial assistance rests entirely within the discretion of the United States Attorney's Office for the Western District of Wisconsin. The defendant acknowledges that even if the United States makes such a request, the Court is not required to reduce the defendant's sentence.

At the plea hearing the Court went through the plea agreement sentence by sentence ensuring petitioner's understanding and agreement with each paragraph including the one above. The Court also asked petitioner a number of questions to determine that the plea was, in fact, voluntary. At the plea hearing petitioner also testified that he was fully satisfied with his counsel's representation and advice given to him in the case.

On September 21, 2005 petitioner was sentenced to 262 months in prison with five years supervised release. Petitioner appealed his judgment of conviction.

On October 30, 2006 the United States Court of Appeals for the Seventh Circuit affirmed petitioner's sentence. On August 21, 2007 petitioner filed this motion under 28 U.S.C. § 2255.

MEMORANDUM

Petitioner claims that the government breached the plea agreement by failing to file a substantial assistance motion.

Three types of issues cannot be raised in a 28 U.S.C. § 2255 motion: issues that were raised on direct appeal, absent a showing of changed circumstances; non-constitutional issues that could have been raised but were not raised on direct appeal and constitutional issues that were not raised on direct appeal, unless petitioner demonstrates cause for procedural default as well as actual prejudice from the failure to appeal. Prewitt v. United States, 83

3

F.3d 813, 816 (7th Cir. 1996). Issues raised and decided on direct appeal may not be raised again in a 28 U.S.C. § 2255 motion pursuant to the "law of the case". See Daniels v. United States, 26 F.3d 706, 711-12 (7th Cir. 1994).

Petitioner claims that the government breached the plea agreement by failing to file a substantial assistance motion. The agreement is a part of the record. At the plea hearing the Court went through the agreement with petitioner sentence by sentence. The agreement provided that if petitioner provided substantial assistance the government would move to reduce his sentence. The agreement specifically stated as follows: "The decision whether to make such a request based upon substantial assistance rests entirely within the discretion of the United States Attorney's Office for the Western District of Wisconsin."

By not moving to reduce petitioner's sentence the government did not breach the plea agreement because the decision whether to make the motion was within the discretion of the United States Attorney's Office. The government did not promise petitioner anything it did not provide. Accordingly, the government did not breach the plea agreement. See United States v. Artley, 489 F.3d813, 824-25(7th Cir. 2007).

Petitioner's motion under 28 U.S.C. § 2255 will be denied. Petitioner is advised that in any future proceeding in this matter he must offer argument not cumulative of that already provided to

4

undermine this Court's conclusion that his motion under 28 U.S.C. § 2255 must be denied. <u>See Newlin v. Helman</u>, 123 F.3d 429, 433 (7th Cir. 1997).

## ORDER

IT IS ORDERED that petitioner's motions for an evidentiary hearing and for appointment of counsel are DENIED/

IT IS FURTHER ORDERED that petitioner's motion to vacate his sentence under 28 U.S.C. § 2255 is DENIED.

Entered this 12th day of October, 2007.

>               BY THE COURT:
>
>                    /s/
>
>               _____
>               JOHN C. SHABAZ
>               District Judge