IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                            ORDER

          Plaintiff,

                                        05-cr-52-bbc
                                        07-cv-466-bbc

     v.

RICHARD WURZINGER,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Richard Wurzinger has filed a letter dated August 17, 2009 in which he claims that agents in his criminal case lied and filed false statements, withheld exculpatory evidence, tampered with witnesses and made fraudulent representations.  He has not given any label to his letter, but it appears to be a motion for reconsideration of his sentence.  If so, it must be filed as a motion pursuant to 28 U.S.C. § 2255.  Any motion that is filed in the sentencing court that is substantively within the scope of § 2255 must be filed as a § 2255 motion.  Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004).  "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of

1

review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." Id. (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir.1996)).

Section 2255 prohibits a defendant from filing a second or successive motion under § 2255 without certification by the court of appeals that the new motion contains newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court."  This motion is defendant's second (which tends to explain his effort to avoid labeling it as a § 2255 motion).  He filed a motion pursuant to § 2255 on August 20, 2007; that motion was denied in its entirety on October 12, 2007. He has not obtained certification from the court of appeals for a second motion.  Therefore, this court lacks authority to consider the claims raised in his August 17, 2009 letter.

ORDER

IT IS ORDERED that defendant's August 17, 2009 letter is construed as a motion to vacate or modify a sentence brought pursuant to 28 U.S.C. § 2255 and is DISMISSED

2

because this court lacks the authority to entertain it.

    Entered this 24th day of August, 2009.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge